UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DAMEON D. MURRAY** | **CIVIL ACTION NO. 3:14-cv-0530** |
|     **LA. DOC #577132** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN KEITH DEVILLE** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Dameon D. Murray, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on March 4, 2014. Petitioner attacks his 2010 armed robbery conviction and the 20 year sentence imposed by the Fifth Judicial District Court, Franklin Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** pursuant to FRCP Rule 41(b).

*Statement of the Case*

On December 3, 2010, petitioner entered into a plea agreement and pled guilty as charged to armed robbery with a promised sentencing cap of 25 years. In accordance with the plea agreement a pre-sentence investigation was ordered and sentencing was scheduled for January 5, 2011. [Doc. 1-2, pp. 2-20] On some unspecified date, presumably January 5, 2011, petitioner was sentenced to serve 20 years at hard labor without benefit of parole. Petitioner did not appeal.[1] On

---

[1] Petitioner claims to have appealed [See Doc. 1, ¶8], however according to the presumptively reliable published jurisprudence of the State of Louisiana he did not appeal. The petitioner, of course, waived his right to appeal by pleading guilty. Under Louisiana law, and

some unspecified date he filed an application for post-conviction relief in the Fifth Judicial District Court raising claims of (1) ineffective assistance of counsel, (2) illegally obtained confession, and (3) excessiveness of sentence. His application was denied on November 15, 2012. His applications for writs filed in the Second Circuit Court of Appeals and thereafter the Louisiana Supreme Court were denied on January 31, 2013, and July 31, 2013, respectively. [Doc. 4, ¶9] See also *State of Louisiana ex rel. Dameon Murray v. State of Louisiana*, 2013-0456 (La. 7/31/2013), 118 So.3d 1118.

He signed the instant petition on March 3, 2014, and it was received and filed on March 4, 2014. [Doc. 1, p. 11] On May 9, 2014, petitioner was ordered to provide within 30 days the information needed to determine whether or not the petition is time-barred by the provisions of 28 U.S.C. §2244(d).[2] [Doc. 5] Petitioner has neither responded to the order nor requested

---

subject to certain exceptions, a guilty plea results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. *State v. Crosby*, 338 So.2d 584 (La.1976). Further, La. C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As shown by the transcript petitioner was sentenced in accordance with a plea agreement which is set forth in the record.

[2] That statute provides a one year period of limitation for state prisoners seeking federal habeas review of their convictions. The period of limitations is generally reckoned from the date that the judgment of conviction and sentence became final by the conclusion of the time for seeking further direct review. The statute further provides for tolling during the pendency of a properly filed State application for post-conviction relief. The pleadings and exhibits submitted by the petitioner suggest, but do not unambiguously establish that his petition was subject to dismissal as time barred. If petitioner was sentenced on January 5, 2011, the date that sentencing was scheduled, then his judgment of conviction and sentence became final by the expiration of the time for seeking further direct review when the 30 day period for filing a motion for appeal as provided by La. C.Cr.P. art. 914(B)(1) expired. If petitioner's judgment of conviction became final on February 5, 2011, he had 1 year, or until February 5, 2012 within which to file a timely application for writ of *habeas corpus*. Petitioner may have been able to toll limitations if he filed his application for post-conviction relief prior to February 5, 2012.

additional time within which to comply.

## *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims on motion of the defendant "If the plaintiff fails to prosecute or to comply with these rules or a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).[3] Petitioner was directed to amend his petition by June 9, 2014. Petitioner has not responded.

## *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED**

---

[3] To the extent the provisions of Section 2244(d) may bar petitioner from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, petitioner has ignored a court order directing him to amend his petition to provide the dates needed to determine whether this petition was time-barred when filed on March 4, 2014. Indeed, as noted above, it appears likely that the petition is in fact time barred and that may account for petitioner's reluctance to respond.

**WITHOUT PREJUDICE** pursuant to FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[4]  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

---

[4] In the event that petitioner objects to this recommendation, he should file, along with his objection, copies of the documents he was ordered to produce in the May 9, 2014 amend order, namely, (1) The date of sentencing; (2) A **DATED** copy of petitioner's application for post-conviction relief filed in the Fifth Judicial District Court; (3) A copy of the judgment/reasons for judgment denying the application for post-conviction relief; (4) A **DATED** copy of petitioner's application for writs in the Second Circuit Court of Appeals under Docket No. KH-13-48145; and, (5) A **DATED** copy of petitioner's application for writs filed in the Supreme Court under Docket No. 2013-KH-0456.

In the event petitioner is unable to provide **DATED** copies, he may prove the date of filing by other means such as copies of the prison mail log. In the event that the instant petition is time-barred, petitioner should establish that he is entitled to statutory or equitable tolling of the period of limitations.

In Chambers, Monroe, Louisiana, July 28, 2014.

                                        **KAREN L. HAYES**
                                        **UNITED STATES MAGISTRATE JUDGE**